**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 30 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TIMOTHY DIETZ, | No. 14-35982 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-05948-RJB |
| v. | |
| QUALITY LOAN SERVICE CORPORATION OF WASHINGTON; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted March 13, 2018[**]

Before:   LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Timothy Dietz appeals pro se from the district court's judgment dismissing his action alleging Fair Debt Collection Practices Act ("FDCPA") and state law claims arising out of foreclosure proceedings. We have jurisdiction under 28

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We affirm.

We do not consider Dietz's substantive claims because Dietz failed to challenge the district court's judgment on those claims in his opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (we do not consider matters not specifically and distinctly raised and argued in the opening brief).

The district court did not abuse its discretion in considering attachments to the complaint and matters of public record in ruling on Wells Fargo Bank, N.A., and Mortgage Electronic Registration Systems, Inc.'s motion to dismiss. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (setting forth standard review and explaining the circumstances in which the district court may consider documents extraneous to the pleadings in ruling on a motion to dismiss for failure to state a claim).

The district court did not abuse its discretion in considering the declaration filed in support of Quality Loan Service Corporation of Washington and McCarthy & Holthus, LLP's motion for summary judgment because the declaration was made with personal knowledge, and the substance of the declaration could be admitted at trial under the business-records exception to hearsay. *See* Fed. R. Civ. P. 56(c)(4) (requiring that a declaration be made on personal knowledge); Fed. R. Evid. 803(6); *SEC v. Phan*, 500 F.3d 895, 912 (9th Cir. 2007) (setting forth standard of review and explaining that the district court's refusal to exclude

evidence in its consideration of summary judgment warrants reversal only when the "evidentiary ruling was manifestly erroneous *and* prejudicial" (citation omitted)).

**AFFIRMED.**